USCA1 Opinion

 

 June 10, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2152 EDWARD GALLAGHER, Plaintiff, Appellant, v. ANTHONY M. FRANK, POSTMASTER GENERAL OF THE UNITED STATES, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Nathaniel M. Gorton, U.S. District Judge] ___________________ ____________________ Before Torruella, Cyr and Stahl, Circuit Judges. ______________ ____________________ Edward Gallagher on brief pro se. ________________ Donald K. Stern, United States Attorney, and Cheryl L. Conner, _______________ _________________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. Following execution of a settlement ___________ agreement in this Title VII suit, plaintiff Edward Gallagher sought to disavow the agreement on the ground that his trial attorney had lacked authorization to settle the suit on the agreed terms. After conducting a status conference attended by plaintiff and counsel, the district court rejected this claim, finding that plaintiff's attorney "had the proper authority to settle his case." Plaintiff now seeks to challenge this determination. He voices no complaint as to the format of the conference and, indeed, it readily appears that he was afforded "a fair opportunity to have his say." Michaud v. Michaud, 932 F.2d 77, 81 (1st Cir. 1991). Rather, _______ _______ his cursory argument on appeal appears to be that the court's finding was clearly erroneous. We are unable meaningfully to evaluate this claim on the basis of the record presented. If the status conference was recorded, plaintiff was obligated under Fed. R. App. P. 10(b) & 11(a) to order a transcript. See, e.g., Valedon Martinez ___ ____ ________________ v. Hospital Presbiteriano de la Communidad, Inc., 806 F.2d _______________________________________________ 1128, 1135 (1st Cir. 1986) ("We have held repeatedly that we will not review a claim of error if the appellant has failed to include a transcript of the pertinent proceedings in the record on appeal."). Alternatively, if the conference was not recorded, plaintiff could have prepared a "statement of the evidence" under Fed. R. App. P. 10(c) for approval by the -2- district court. See, e.g., Barilaro v. Consolidated Rail ___ ____ ________ _________________ Corp., 876 F.2d 260, 263-64 (1st Cir. 1989). In light of his _____ failure to pursue either course, "the consequences of any insufficiency [in the record] properly fall on the appellant." Id. at 263. On the basis of the meager record ___ before us, see, e.g., Silva v. Witschen, ___ F.3d ___, ___ ___ ____ _____ ________ n.9, No. 93-1720 (1st Cir. 1994) (despite incomplete record, appellate court reviews merits as record allows), we perceive no basis for disturbing the district court's determination. Affirmed. _________ -3-